# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **Big Time Toys, L.L.C.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Case No._____ |
| v. | ) |
| | ) **Complaint for Declaratory Judgment of** |
| **Buffalo Games, LLC** | ) **Non-Infringement** |
| | ) |
| **Defendant** | ) |

## COMPLAINT

Plaintiff, Big Time Toys, L.L.C. ("BTT" or "Plaintiff"), by and through its undersigned attorney, brings this civil action against Defendant, Buffalo Games, LLC ("Buffalo Games" or "Defendant"), and alleges as follows:

## **NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement and is based on the trademark laws of the United States, 17 U.S.C. § 1051, *et seq*., and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Plaintiff seeks a declaration that Defendant's alleged trademark rights are not infringed by the sale, promotion, advertising and other use of the name "CRYTAL PUTTY" in connection with Plaintiff's crystal-themed putty.

1

## PARTIES

3. Plaintiff is a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business located at 2821 Dogwood Place, Nashville, TN 37204.

4. Defendant is a limited liability company organized and existing under the laws of New York, with its principal place of business located at 220 JAMES E. CASEY DRIVE, BUFFALO, NY 14206.

5. Defendant is the owner of U.S. Trademark Registration No. 7,045,069 for the mark "CRYSTAL PUTTY", for modeling compounds, which is registered on the Supplemental Register (the "Registered Mark"). *See* **Exhibit 1.**

## JURISDICTION AND VENUE

6. This action arises under the trademark laws of the United States, 17 U.S.C. § 1051 *et seq.* and under the Declaratory Judgment act 28 U.S.C. §§ 2201 and 2202.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (trademarks).

8. Additionally, this Court has diversity over the parties pursuant to 28 U.S.C. § 1332.

9. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)(2).

10. This Court has personal jurisdiction over the Defendant, because, among other things, on August 19, 2024 Defendant sent a cease-and-desist letter to Plaintiff (a Nashville, Tennessee resident) alleging that Plaintiff was infringing the Registered Mark by selling crystal-themed putty under the name "Crystal Putty". *See* **Exhibit 2**. In addition, Defendant's crystal-

themed putty sold under the Registered Mark is sold in Target retails stores and a search of the Target website shows five such items in stock in the Nashville, Tennessee Target store, located at 6814 Charlotte Pike, Nashville, TN 37209. *See* **Exhibit 3**.

11. Venue in this judicial district is proper, because Defendant is subject to personal jurisdiction in this district and because a substantial part of the events giving rise to this Complaint occurred in this district. In addition, Plaintiff designed the packaging for its Crystal Putty product, including the inclusion of the product name and made all business decisions relating to the introduction of the product into the marketplace in the Middle District of Tennessee and sold the product to Target, which sells the product in retail stores located in this district.

## BACKGROUND FACTS

12. Plaintiff incorporates by reference, as though fully set forth herein, the preceding Paragraphs set forth above.

13. Plaintiff is a toy company that sells a wide variety of toys and games, including the crystal putty at issue.

14. Crystal putty is a type of toy putty that includes crystals.

15. Plaintiff, Defendant and numerous other toy companies produce crystal-themed putty. *See* **Exhibit 4.**

16. Photographs of Plaintiff's CRYSTAL PUTTY are included in **Exhibit 5**.

17. As explained in the product packaging included in Exhibit 5, the product is a "SQUISHY SENSORY PUTTY WITH COOL CRYSTALS."

18. In addition, the packaging notes that users can "[a]dd crystals for added texture."

19. Plaintiff titled the product CRYSTAL PUTTY because it wanted to immediately convey the nature and features of the product to purchasers.

20. Plaintiff was surprised when it learned upon receiving Defendant's August 19, 2024 cease and desist letter that Defendant had registered the mark "CRYSTAL PUTTY" because the term is highly descriptive and/or generic.

### COUNT I.
### (Declaratory Judgment of Non-infringement)

21. Plaintiff incorporates by reference, as though fully set forth herein, the preceding Paragraphs set forth above.

22. An actual controversy exists between the parties because Defendant has alleged that Plaintiff's CRYSTAL PUTTY infringes Defendant's Registered Mark.

23. In choosing to call its crystal-themed putty "CRYSTAL PUTTY", Plaintiff did not seek to associate itself with Defendant. Rather, it wanted to immediately convey the features and nature of the product to purchasers.

24. In fact, the Registered Mark is highly descriptive and/or generic and not registrable because it immediately conveys the features and purpose of the putty.

25. Thus, Plaintiff's use of the term "CRYSTAL PUTTY" does not infringe the Registered Mark because the Registered Mark is not protectable.

26. In fact, the U.S. Patent & Trademark Office refused registration of the Registered Mark on the Principal Register, which led Defendant to amend to the Supplemental Register. *See* **Exhibit 6.**

27. In fact, the Examining Attorney in the trademark rejection, noted that the search term "CRYSTAL PUTTY" yielded over 30,000 results in a Google search. *See id.*

28. In addition, Plaintiff is using the term "CRYSTAL PUTTY" in a descriptive sense. In fact, Plaintiff did not place a TM adjacent to the term CRYSTAL PUTTY or apply for trademark registration on the term.

29. Based on the foregoing, Plaintiff alleges that it is entitled to a declaratory judgment:

(a) that Plaintiff's use of "CRYSTAL PUTTY" does not infringe upon or otherwise violate the rights of Defendant under any federal or state statute, including but not limited to 15 U.S.C. §§ 1114, 1125(a), 1125(c) or any other applicable law including common law;

(b) that Plaintiff and Defendant may continue to co-exist in the provision of their respective products and services; and

(c) that Plaintiff's use of CRYSTAL PUTTY is not likely to cause confusion with Defendant's use of the word "CRYSTAL PUTTY", does not dilute and does not cause injury.

30. Plaintiff should be awarded its costs and fees to the fullest extent allowable under law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Award the declaratory judgment sought above;

B. Award Plaintiff its costs, and attorneys' fees to the fullest extent allowed under law including but not limited to 15 U.S.C. § 1117;

C. Award other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

*/s/ Donna M. Tees*
Donna M. Tees
2021 Richard Jones Rd Suite 120
Nashville, TN 37215
615-383-3332
Tees.law@nashville.net
BPR 040211